MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
KATIE M. MAGALLANES, SBN 300277
  kmagallanes@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

KATHERINE V.A. SMITH, SBN 247866
  ksmith@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for Defendant LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MERHI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. '21CV446 DMS MDD<br><br>**DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(Removal from the Superior Court of California for the County of San Diego, Case No. 37-2020-00046199-CU-OE-CTL)<br><br>Action Filed:  December 16, 2020<br>Trial Date:      None Set |

Gibson, Dunn & Crutcher LLP

# TABLE OF CONTENTS

Page

TIMELINESS OF REMOVAL ................................................................................ 1

SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ................ 2

    A.    The Proposed Class Consists of More than 100 Members ........................ 3

    B.    Lowe's and Plaintiff Are Not Citizens of the Same State ......................... 4

    C.    The Amount In Controversy Exceeds $5 Million ...................................... 5

        1.    Plaintiff's Allegations Regarding Waiting Time Penalties *Alone* Establish That The Amount In Controversy Exceeds $5 Million ............................................................................................. 6

        2.    Plaintiff's Requests for Attorneys' Fees Alone Places Another $5.7 Million In Controversy ............................................... 9

        3.    In Total, Just One of Plaintiff's Nine Causes of Action, Including Attorneys' Fees, Places More Than $28.9 Million In Controversy ................................................................................. 10

THE COURT HAS JURISDICTION AND REMOVAL IS PROPER ................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arias v. Residence Inn by Marriott*,
  936 F.3d 920 (9th Cir. 2019) ................................................................... 5, 7, 9

*Ayala v. Cox Auto., Inc.*,
  2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) ................................................ 4

*Barcia v. Contain-A-Way, Inc.*,
  2009 WL 587844 (S.D. Cal., Mar. 6, 2009) ............................................... 10

*Campbell v. Vitran Exp., Inc.*,
  471 F. App'x 646 (9th Cir. 2012) ................................................................ 6

*Crummie v. CertifiedSafety, Inc.*,
  2017 WL 4544747 (N.D. Cal. Oct. 11, 2017) ........................................... 8, 9

*Dart Cherokee Basin Op. Co. v. Owens*,
  574 U.S. 81 (2014) ..................................................................................... 5, 6

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) ...................................................................... 10

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ..................................................................... 9

*Johnson v. Columbia Props. Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006) ..................................................................... 4, 5

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ..................................................................... 4

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
  199 F. Supp. 2d 993 (C.D. Cal. 2002) ......................................................... 6

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ....................................................... 6

*LaCross v. Knight Transp. Inc.*,
  775 F.3d 1200 (9th Cir. 2015) ..................................................................... 5

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Lewis v. Verizon Commc'ns, Inc.*,
  627 F.3d 395 (9th Cir. 2010) .................................................................................. 6

*Mamika v. Barca*,
  68 Cal. App. 4th 487 (1998) ................................................................................... 8

*Marentes v. Key Energy Servs. Cal., Inc.*,
  2015 WL 756516 (E.D. Cal. Feb. 23, 2015) ........................................................... 8

*Pineda v. Bank of Am., N.A.*,
  50 Cal. 4th 1389 (2010) .......................................................................................... 7

*Rippee v. Boston Mkt. Corp.*,
  408 F. Supp. 2d 982 (S.D. Cal. 2005) ..................................................................... 6

*Salter v. Quality Carriers, Inc.*,
  974 F.3d 959 (9th Cir. 2020) ............................................................................... 5, 7

*Standard Fire Ins. Co. v. Knowles*,
  568 U.S. 588 (2013) ............................................................................................ 5, 6

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) .................................................................................. 4

*Tajonar v. Echosphere, L.L.C.*,
  2015 WL 4064642 (S.D. Cal. July 2, 2015) ........................................................... 8

**Statutes**

28 U.S.C. § 84(d) ......................................................................................................... 12

28 U.S.C. § 1332 ................................................................................................... *passim*

28 U.S.C. § 1441 ..................................................................................................... 2, 12

28 U.S.C. § 1446 ..................................................................................................... 1, 12

28 U.S.C. § 1453 ..................................................................................................... 2, 12

Cal. Civ. Proc. Code § 338(a) ....................................................................................... 7

Cal. Civ. Proc. Code § 382 ........................................................................................... 2

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES
(continued)

Page(s)

Cal. Code Regs. tit. 8, § 13520 ................................................................................... 7

Cal. Lab. Code § 201 .................................................................................................. 7

Cal. Lab. Code § 202 .................................................................................................. 7

Cal. Lab. Code § 203 .............................................................................................. 7, 8

iv

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JOSEPH MERHI AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendant Lowe's Home Centers, LLC hereby removes to the United States District Court for the Southern District of California the above-captioned state court action, originally filed as Case No. 37-2020-00046199-CU-OE-CTL in San Diego County Superior Court, State of California. Removal is proper on the following grounds:

## TIMELINESS OF REMOVAL

1. Plaintiff Joseph Merhi ("Plaintiff") filed a putative Class Action Complaint against Lowe's Home Centers, LLC ("Lowe's" or "Defendant") in San Diego County Superior Court, State of California, Case No. 37-2020-00046199-CU-OE-CTL, on December 16, 2020. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Notice of Case Assignment and Case Management Conference on Mandatory eFile, (e) Alternative Dispute Resolution (ADR) Information, (f) Stipulation to Use Alternative Dispute Resolution (ADR), (g) Notice of Service of Process Transmittal, and (h) Proof of Service of Summons are attached as Exhibits A–H to the Declaration of Katherine V.A. Smith ("Smith Decl.") filed concurrently with this Notice.

2. According to the Notice of Service of Process, Plaintiff personally served Lowe's through its registered agent for service of process on February 12, 2021. *See* Smith Decl., Ex. G, Notice of Service of Process; *id.*, Ex. H, Proof of Service of Summons. Consequently, service was completed on February 12, 2021. This notice of removal is timely because it is filed within 30 days after service was completed. 28 U.S.C. § 1446(b).

**SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL**

3.  Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Lowe's pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4.  CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Smith Decl., Ex. B, Class Action Complaint ("Compl.") ¶ 1.

5.  Plaintiff requests "[t]hat this action be certified as a class action." Smith Decl., Ex. B, Compl., Prayer for Relief. He seeks to represent "[a]ll persons currently or formerly employed by [Lowe's] as non-exempt employees, however titled, at [Lowe's] retail locations throughout the state of California within four (4) years prior to the filing of the Complaint." *Id.*, Compl. ¶ 51.

6.  Plaintiff alleges nine causes of action against Lowe's: (1) Failure to Pay All Wages Owed; (2) Failure to Pay Overtime; (3) Failure to Provide Lawful Meal Periods; (4) Failure to Authorize and Permit Rest Periods; (5) Failure to Timely Pay Wages Due and Payable During Employment; (6) Failure to Pay Reporting Time Pay; (7) Failure to Timely Pay Wages Owed Upon Separation From Employment; (8) Failure to Furnish Accurate Itemized Wage Statements; and (9) Violations of Unfair Competition Law.

7.  Among other things, Plaintiff alleges that putative class members are entitled to unpaid wages, including premiums for missed meal periods and rest breaks, waiting time penalties, penalties for failure to provide accurate wage statements, and attorneys' fees and costs. *Id.*, Compl., Prayer for Relief.

Gibson, Dunn & Crutcher LLP

8. Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9. Lowe's denies any liability in this case, both as to Plaintiff's individual claims and as to the claims he seeks to pursue on behalf of the putative class, and further maintains that this action was improperly filed in court because Plaintiff agreed to binding individual arbitration of the claims he has asserted in this action. Lowe's also intends to oppose class certification on multiple grounds, including that (a) Plaintiff must arbitrate his claims against Lowe's individually pursuant to the binding and enforceable arbitration agreement and class action waiver executed by Plaintiff, and (b) class treatment is inappropriate under these circumstances in part because there are many material differences between the experiences of Plaintiff and the putative class members he seeks to represent, as well as amongst the putative class members. Lowe's expressly reserves all rights to move to compel individual arbitration, oppose class certification, and contest the merits of all claims asserted in the Complaint. However, for purposes of the jurisdictional requirements for removal only, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See id.*, § 1332(d).

**A.   The Proposed Class Consists of More than 100 Members**

10. Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

11. Plaintiff's proposed class consists of "[a]ll persons currently or formerly employed by [Lowe's] as non-exempt employees, however titled, at [Lowe's] retail locations throughout the state of California within four (4) years prior to the filing of the Complaint." Smith Decl., Compl. ¶ 51.

12. According to Lowe's data, there were approximately 18,948 full-time, non-exempt individuals employed by Lowe's in California who worked at Lowe's retail locations between December 16, 2017 and December 16, 2020. Declaration of Casey Morales ("Morales Decl.") ¶ 3(a). This putative class size estimate is highly conservative because (a) it excludes part-time employees, who make up a significant portion of Lowe's workforce and (b) it excludes both full-time and part-time non-exempt employees who have been hired at Lowe's retail locations since December 16, 2020.

13. Accordingly, while Lowe's denies that class treatment is permissible or appropriate, the proposed class consists of well over 100 members.

### B. Lowe's and Plaintiff Are Not Citizens of the Same State

14. Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

15. A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that he "is and during the liability period has been, a resident of San Marcos, California." Smith Decl., Ex. B, Compl. ¶ 15. Plaintiff is therefore considered a citizen of California for purposes of removal. *See Ayala*, 2016 WL 6561284, at *4.

16. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Lowe's Home Centers, LLC is a limited liability company organized under the laws of North Carolina and has its principal place of business in North Carolina. Morales Decl. ¶ 2. Lowe's Companies, Inc. is the sole member and owner of Lowe's Home Centers, LLC, and Lowe's

1  Companies, Inc., is a North Carolina corporation with its principal place of business in
2  North Carolina. *Id.* As such, Lowe's is a citizen of North Carolina. *See* 28 U.S.C. §
3  1332(c)(1); *Johnson*, 437 F.3d at 899.

4      17.    Accordingly, Plaintiff and Lowe's are citizens of different states and
5  CAFA's minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

**C.    The Amount In Controversy Exceeds $5 Million**

7      18.    CAFA requires that the amount in controversy in a class action exceed $5
8  million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). In calculating the
9  amount in controversy, a court must aggregate the claims of all individual class
10 members. 28 U.S.C. § 1332(d)(6).

11     19.    Plaintiff's Complaint attempts to plead that the individual and class claims
12 are "under the five million dollar ($5,000,000.00) threshold" (Smith Decl., Ex. B,
13 Compl. ¶ 11), but he does not have the power to bind absent class members to this,
14 certainly by way of an allegation made on information and belief. As the Supreme Court
15 has held, a named plaintiff's pre-certification stipulation to limit the damages claims of
16 absent class members "does not resolve the amount-in-controversy question" because
17 such a plaintiff cannot "bind the rest of the class." *Standard Fire Ins. Co. v. Knowles*,
18 568 U.S. 588, 596 (2013). Accordingly, "when following [CAFA] to aggregate the
19 proposed class members' claims," a court should "ignore[] [the] stipulation." *Id.*

20     20.    "[A] defendant's notice of removal need include only a plausible allegation
21 that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*
22 *Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant
23 may rely on a "reasonable" "chain of reasoning" that is based on "reasonable"
24 "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).
25 "An assumption may be reasonable if it is founded on the allegations of the complaint."
26 *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v.*
27 *Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[I]n *Arias* we held that a
28 removing defendant's notice of removal need not contain evidentiary submissions but

only plausible allegations of jurisdictional elements." (quotations and citations omitted)). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. Importantly, a plaintiff seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court." *Standard Fire Ins. Co*, 568 U.S. at 595–96.

21. Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

22. Although Lowe's denies that Plaintiff's claims have any merit, Lowe's avers, for the purposes of meeting the jurisdictional requirements for removal *only*, that if Plaintiff were to prevail on every claim and allegation in his Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

### 1. Plaintiff's Allegations Regarding Waiting Time Penalties *Alone* Establish That The Amount In Controversy Exceeds $5 Million

23. Lowe's reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574

U.S. at 87–89; *see also Salter*, 974 F.3d at 964 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings," requires the removing defendant to "support her jurisdictional allegations with competent proof" (quotations and citations omitted)). "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924. But for present purposes, it is sufficient to note that Plaintiff's claim for waiting time penalties pursuant to Labor Code section 203 puts $23.1 million in controversy.

24. Plaintiff alleges that he and other putative class members who ended their employment with Lowe's during the three-year period prior to filing this Complaint[1]—December 16, 2017 to December 16, 2020—are entitled to recovery of "waiting time penalties" pursuant to Labor Code section 203. *See* Smith Decl., Ex. B, Compl. ¶¶ 47, 112–17.

25. If an employer fails to pay all wages due to an employee at the time of termination, as required by Labor Code Section 201, or within 72 hours after resignation, as required by Labor Code Section 202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," for up to a maximum of 30 calendar days. Cal. Lab. Code § 203. An employer may not be liable for these penalties if a good faith dispute exists as to whether the wages are owed. Cal. Code Regs. tit. 8, § 13520. Further, to be liable for waiting time penalties, an employer's failure to pay wages within the statutory time frame must be *willful*. *See* Cal. Lab. Code § 203. "A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer *intentionally* fails to pay wages to an employee when those wages are due." Cal. Code Regs., tit. 8, § 13520 (emphasis added).

---

[1] The statute of limitations for an action under Labor Code Section 203 is three years. Cal. Civ. Proc. Code § 338(a); Cal. Lab. Code § 203(b); *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1397 (2010).

26. To calculate waiting time penalties, the employee's daily rate of pay is multiplied by a maximum of 30 days, depending on the length of delay in receipt of wages. *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998) (holding that the waiting time penalty is "equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days" and noting that the "critical computation" is "the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days"); *Tajonar v. Echosphere, L.L.C.*, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015). Where final "wages [due] are alleged to have not been paid, the full thirty-days may be used for each of the putative class members." *Marentes v. Key Energy Servs. Cal., Inc.*, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015); *see also Crummie v. CertifiedSafety, Inc.*, 2017 WL 4544747, at *3 (N.D. Cal. Oct. 11, 2017) (where a plaintiff alleges "putative class members were owed (and are still owed)" wages, it is "completely reasonable to assume waiting time penalties accrued to the thirty-day limit").

27. Lowe's denies that any such penalties are owed to Plaintiff or any putative class members. However, for purposes of this jurisdictional analysis only, Lowe's relies on Plaintiff's allegations that the penalties are owed. Plaintiff alleges that Lowe's "willfully, knowingly, recklessly, and/or intentionally failed" to "compensate Plaintiff and the [putative class members] for all wages owed including minimum wages, straight time wages, [and] overtime" in addition to "premium[s for] meal and rest period[s]" "at the time of [their] termination of employment" (Smith. Decl., Ex. B, Compl. ¶¶ 47, 115), therefore entitling them to penalties under Labor Code section 203. *Id.*, Compl. ¶¶ 112–17. Plaintiff's claim is therefore entirely derivative of his other unpaid wage and rest period claims. He further alleges that "[m]ore than thirty (30) days have passed since affected [putative class members] have left [Lowe's] employ" without "receiv[ing] payment pursuant to Labor Code § 203," and they are therefore "entitled to 30 days' wages as a penalty under Labor Code § 203." *Id.*, Compl. ¶¶ 116–17. Based on these

Gibson, Dunn & Crutcher LLP

allegations, it is reasonable to assume that each putative class member is entitled to thirty days' wages. *See Crummie*, 2017 WL 4544747, at *3.

28. Approximately 7,828 full-time, non-exempt employees in California at Lowe's retail locations resigned or were terminated between December 16, 2017 to December 16, 2020. Morales Decl. ¶ 3(b). The average hourly pay rate for those 7,828 employees was $16.45. *Id.* ¶ 3(c).

29. If, as Plaintiff alleges, individuals who left the employment of Lowe's during the three years preceding the filing of the Complaint were owed wages and did not receive them, the amount in controversy with respect to the waiting time penalties claim for just full-time, non-exempt employees at Lowe's retail locations who resigned or were terminated before December 16, 2020 would be approximately **$23.1 million**, calculated as follows:

| $16.45 average hourly rate x 6 hours per day:[2] | $98.70 daily rate |
|---|---|
| $98.70 x 30 days maximum penalty: | $2,961 per employee |
| Amount in controversy for waiting time penalties, based on Plaintiff's allegations ($2,961 x 7,828 employees): | **$23,178,708** |

### 2. Plaintiff's Requests for Attorneys' Fees Alone Places Another $5.7 Million In Controversy

30. Plaintiff also explicitly seeks attorneys' fees should he recover under any of the claims in this action. *See* Smith Decl., Ex. B, Compl., Prayer For Relief. Prospective attorneys' fees are properly included in the amount in controversy for purposes of evaluating CAFA jurisdiction. *See Arias*, 936 F.3d at 922 ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy."). Under the Ninth Circuit's well-established precedent, 25% of the common fund is generally used as a benchmark for an award of attorneys' fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th

---

[2] This is a conservative estimate based on the fact that full-time Lowe's employees are expected to work a minimum of 30 hours per week. *See* Morales Decl. ¶ 4. But many full-time employees regularly work more than 30 hours per week.

Cir. 1998); *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *5 (S.D. Cal., Mar. 6, 2009) ("In wage and hour cases, '[t]wenty-five percent is considered a benchmark for attorneys' fees in common fund cases.'" (alteration in original) (quoting *Hopson v. Hanesbrands Inc.*, 2008 WL 3385452, at *3 (N.D. Cal. 2008))).

31. Here, Lowe's has established that the amount in controversy is at least $23.1 million, and Plaintiff has not indicated that he will seek less than 25% of a common fund in attorneys' fees. *See* Smith Decl., Ex. B., Compl., Prayer For Relief (seeking attorneys' fees). Lowe's denies that any such attorneys' fees are owed to Plaintiff or putative class members, but relies on Plaintiff's allegation that he will be entitled to attorneys' fees for purposes of this jurisdictional analysis. Although Lowe's has shown that the amount in controversy without considering attorneys' fees surpasses the jurisdictional threshold, this Court should nevertheless include the potential attorneys' fees in evaluating jurisdiction. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007).

32. Using a 25% benchmark figure for attorneys' fees for Plaintiff's allegations regarding waiting time penalties results in estimated attorney's fees of approximately **$5.7 million**, calculated as follows:

| Conservative estimate of amount in controversy based on waiting time penalties: | $23,178,708 |
|---|---|
| Attorneys' fees benchmark: | 25% |
| Estimated attorneys' fees in controversy: | **$5,794,677** |

### 3. In Total, Just One of Plaintiff's Nine Causes of Action, Including Attorneys' Fees, Places More Than $28.9 Million In Controversy

33. Plaintiff's allegations regarding waiting time penalties place more than $23.1 million in controversy. Plaintiff's request for attorneys' fees places more than $5.7 million in controversy. In total, just one of Plaintiff's nine causes of action, including attorneys' fees on that cause of action, place more than $28.9 million in controversy.

34. The amount in controversy figures set forth above are underinclusive of the actual amount placed in controversy by Plaintiff's claims because they are based on conservative assumptions including, excluding (a) part-time non-exempt employees, who make up a significant portion of Lowe's workforce, (b) any full-time, non-exempt employees at Lowe's retail locations who resigned or were terminated since December 16, 2020, and (c) any alleged damages for, among other things, recovery sought for alleged failure to pay all wages owed (First Cause of Action), failure to pay overtime (Second Cause of Action), failure to provide lawful meal periods (Third Cause of Action), failure to authorize and permit rest periods (Fourth Cause of Action), failure to timely pay wages due and payable during employment (Fifth Cause of Action), failure to pay reporting time pay (Sixth Cause of Action), failure to furnish accurate itemized wage statements (Eighth Cause of Action), or unfair and unlawful business practices (Ninth Cause of Action).

35. Plaintiff's allegations therefore place more than the requisite $5 million in controversy. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

## THE COURT HAS JURISDICTION AND REMOVAL IS PROPER

36. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

  a. This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

  b. The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

  c. The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

  d. At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A).

1  Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

38. The United States District Court for the Southern District of California is the federal judicial district in which the San Diego County Superior Court sits. This action was originally filed in the San Diego County Superior Court, rendering venue in this federal judicial district and division proper. 28 U.S.C. § 84(d); *see also* 28 U.S.C. § 1441(a).

38. True and correct copies of the a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Notice of Case Assignment and Case Management Conference on Mandatory eFile, (e) Alternative Dispute Resolution (ADR) Information, (f) Stipulation to Use Alternative Dispute Resolution (ADR), (g) Notice of Service of Process Transmittal, and (h) Proof of Service of Summons are attached as Exhibits A–H to the Declaration of Katherine V.A. Smith filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

39. Upon filing the Notice of Removal, Lowe's will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the San Diego County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated: March 12, 2021

> MICHELE L. MARYOTT
> KATHERINE V.A. SMITH
> KATIE M. MAGALLANES
> GIBSON, DUNN & CRUTCHER LLP
>
> By: */s/ Katherine V.A. Smith*
>         Katherine V.A. Smith
>
> Attorneys for Defendant LOWE'S HOME CENTERS, LLC